[No. 1203.  Decided October 13, 1894.]

JOSEPH S. WHITEHOUSE, *Receiver*, *Respondent*, v. POINT DEFIANCE, TACOMA & EDISON RAILWAY COMPANY, *Appellant*.

RECEIVERS — APPOINTMENT — PLEADING — RIGHTS OF DEFENDANT.

A complaint in an action by a judgment creditor asking for the appointment of a receiver for an insolvent corporation is not open to the objection that it fails to allege that the judgment debtor has no other property out of which the plaintiff could satisfy his judgment, when it states that the defendant is in failing circumstances, and that it has more judgments already rendered against it than it can pay.

Where, subsequent to the purchase by one corporation of a line of railway from another, judgments are rendered against the vendor without notice to the purchaser, the purchaser has the right to litigate their validity on the ground of fraud; and, under such circumstances, the appointment of a receiver for the purchasing corporation, at the instance of a judgment creditor of the vendor, is unwarranted.

Where the application for the appointment of a receiver is made by a plaintiff before the defendant has filed his answer, the defendant has a right to be heard upon his affidavit by way of defense to the application.

*Appeal from Superior Court, Pierce County.*

*Campbell & Powell*, and *Crowley & Sullivan*, for appellant.

*A. R. Titlow*, for respondent.

The opinion of the court was delivered by

DUNBAR, C. J. — This is an appeal from an order or judgment of the superior court of Pierce county, made by the Hon. Emmett N. Parker, and entered August 29, 1893, appointing Joseph T. Mitchell a receiver of the appellant, the Point Defiance, Tacoma & Edison Railway Company.

On or about the 9th day of February, 1892, the Point

Defiance, Tacoma & Edison Railway Company, a corporation, for an alleged valuable consideration, purchased from the Wapato Park Belt Line Railway Company, a corporation, a certain line of railway situated in Tacoma, by deed dated February 9, 1892, made by said Wapato Park Belt Line Railway Company, as grantor, to this appellant, as grantee; which deed was duly executed and acknowledged by the grantor in the manner required by law, and said grantor, by its duly authorized officers, delivered said deed to the appellant in this case on the said day of its execution, and at the same time delivered the quiet and peaceable possession of the said line of railway to the appellant, who continued in the quiet and peaceable possession thereof up to the time of the commencement of this action.

About eight months thereafter, viz., September 30, 1892, one Otis Sprague, as receiver and assignee of the Tacoma and Puyallup Railroad Company, recovered against said Wapato Park Belt Line Railway Company a judgment for $10,380.86. To this judgment plaintiff was not a party. Afterwards one S. R. Thomas recovered a judgment against the said Wapato Park Belt Line Railway Company, in which action Joseph S. Whitehouse was appointed receiver, and of said action appellant had no notice and was not made a party thereto.

Now, on or about the 24th day of August, 1893, the said J. S. Whitehouse, as receiver of the said Wapato Park Belt Line Railway Company, brought the action against this appellant in which this appeal is taken. On the same day on which this action was brought, the plaintiff, said Joseph S. Whitehouse, as receiver of the Wapato Park Belt Line Railway Company, made an *ex parte* motion for an order that this appellant show cause why such receiver should not be continued until the final hearing of the cause. On that same day the superior court of Pierce county, by Hon. John C. Stallcup, made an *ex parte* order

setting said motion for a receiver down for hearing the next morning at half past nine o'clock before the Hon. Emmett N. Parker, one of the judges of said court. Thereafter, on the 29th day of August, 1893, an order was made by the Hon. Emmett N. Parker, appointing Joseph T. Mitchell a receiver of this appellant; and it is from this last order appointing this receiver that this appeal was taken. The motion was heard upon, and the order based on, the following papers in the case: On behalf of respondent, the complaint and the affidavit of Ansel Bates; on behalf of the appellant, the affidavit of Stuart Rice.

The first point made by the appellant, that the complaint does not state facts sufficient to constitute a cause of action, for the reason that it nowhere appears in the said complaint that said plaintiff has ever attempted to collect said judgment at law; and that it does not appear from the complaint that the judgment debtor has no other property out of which the plaintiff could satisfy his judgment, we do not think is well taken. The complaint, it is true, does not state in so many words that the debtor has no other property out of which the plaintiff could satisfy his judgment, but it does state that the defendant is in failing circumstances, and that it has more judgments already rendered against it than it can pay; and if it does have more judgments rendered against it which have become liens on the property than it can pay, then it necessarily follows that it has no other property out of which the plaintiff could satisfy his judgment. If the substance and sense of the proposition are stated this court will not reverse a cause because it is not stated in any particular form of words.

The second point raised by the appellant we think is fatal to the respondent's right of judgment. These judgments were obtained against the Wapato Park Belt Line Railway Company without any notice to appellant, and the appellant has a right in a court of law to litigate the valid-

ity of those judgments, and it has a right to be heard upon all questions concerning the rights of the Wapato Park Belt Line Railway Company, so far as those rights are interwoven with the rights of the appellant. It is carrying the doctrine of receiverships too far to allow the business of an individual, a partnership, or a corporation, to be taken from the custody and control of the owners of the business and dissolved in costs, unless a clear case of necessity is shown, and without allowing the defendants an opportunity to litigate the questions involved in the application. It is claimed by the appellants in this case that these judgments against this company were obtained by fraud. The only theory upon which the judgment can be a lien upon the property of appellant is that the appellant stands in the attitude of a surety for the debt of its grantor, and a surety can always show that a judgment against his principal was obtained by fraud or collusion. See *Douglas v. Howland*, 24 Wend. 35; *Conner v. Reeves*, 103 N. Y. 527 (9 N. E. 439); *Bridgeport Ins. Co. v. Wilson*, 34 N. Y. 275.

Another point is raised by the appellant that if the application for a receiver be made before the defendant has filed his answer, the defendant may be heard upon his affidavit by way of defense to the application. Beach, Receivers, § 153.

Respondent's motion for a receiver was filed the same day his complaint was filed, viz., August 24, 1893; an order appointing the receiver was entered five days thereafter. Appellant was heard on the affidavit of Stuart Rice, one of the trustees of the appellant. Mr. Rice's affidavit denies all the equities of the complaint, and expressly alleges that the judgment of respondent was obtained upon a fictitious demand and was a fraud upon the rights of appellant. As we look at the merits of this case, no attempt having been made by the respondent to rebut the affidavit

36—9 WASH.

of Rice, it would seem that the *prima facies* of the case are in favor of the appellant, and the motion praying for the receiver should not have been allowed.

"The answer being a defendant's principal pleading and the formal statement of his defense to the allegations contained in the bill, has especial weight in influencing the action of the court on application for appointment of receivers. A sworn answer [and the affidavit in this case will take the place of an answer] denying all the equities contained in the bill, amounts in practice, on the hearing of such applications, to a *prima facie* case in favor of the defendant; and, where such an answer is filed, the application will be refused unless the plaintiff introduce, in support of his bill, such evidence as will overcome the denials of the answer. The reason of this rule has been stated to be that 'the plaintiff, having addressed himself to the conscience of the defendant, has made him a witness, and must take his answer as true, unless he can overcome it.'" Beach, Receivers, § 151.

We, therefore, think that the cause must be remanded, with instructions to the lower court to refuse the motion asking for a receiver; and it is so ordered.

ANDERS, SCOTT, HOYT and STILES, JJ., concur.