[No. 2852. Decided November 14, 1898.]

GEORGE CAMERON *et al., Respondents,* v. GROVELAND IMPROVEMENT COMPANY *et al., Appellants.*

RECEIVERS — APPOINTMENT PENDENTE LITE — REVIEW ON APPEAL—PLEADING—MISMANAGEMENT OF CORPORATION.

The appointment of a receiver *pendente lite* is a matter within the sound discretion of the trial court, and its action will not be interfered with on appeal, when it is a question of the mere weight of evidence.

The interposition of a sworn answer denying all the equities of plaintiffs' complaint, which entitles them to the appointment of a receiver *pendente lite,* will not raise a *prima facie* case in favor of defendants, unless such *answer* is full and responsive to all the material allegations of the complaint.

Where the property of a corporation is being mismanaged, and is in danger of being lost to the stockholders and creditors through the collusion and fraud of its officers and directors, or mismanagement and waste, courts of equity have inherent power to appoint receivers.

Appeal from Superior Court, Clallam County.—Hon. JAMES G. McCLINTON, Judge. Affirmed.

*George H. Jones, Humes & Lysons,* and *Benton Embree,* for appellants.

*Trumbull & Trumbull,* for respondents.

The opinion of the court was delivered by

REAVIS, J.—Suit in equity by a minority of the stockholders of the appellant corporation, in their own behalf and that of all the other stockholders who may join them. The object of the suit was to compel an accounting of money and property belonging to the corporation, which the complaint alleges has been fraudulently converted to their own use by the officers of the corporation; and the

further allegation is made that the officers are continuing to convert the money and property to their own use, as pretended salaries and expenses, without any authority therefor and fraudulently. A receiver was prayed for pending the litigation, and that the defendant's officers be enjoined from interfering with the property of the corporation during the pendency of the action. The motion for the appointment of a receiver was made upon the ground of fraud on the part of the officers, and that by reason of such fraud the corporation was in imminent danger of insolvency; that the officers controlled the majority of the trustees of the corporation, and that plaintiffs had no relief except in equity. The motion for the appointment of a receiver was based upon the complaint and five affidavits filed therewith. The defendants appeared and resisted the motion for the appointment of a receiver pending the cause, by filing some eight affidavits. The answer was not then filed. The hearing was upon the complaint and affidavits of the respective parties. The superior court appointed a receiver pending the trial of the cause.

The rule which this court observes in reviewing an order of the superior court appointing a receiver has been stated in *Roberts v. Washington National Bank,* 9 Wash. 12 (37 Pac. 26):

" The making of such orders is committed, under our system, to the sound discretion of the judge before whom the proceeding is pending, and his decision of the question must stand, unless the appellate court, upon an examination of the law and facts of the case, shall affirmatively determine that his action was not warranted; and in determining this question, the decision of questions of fact will not be reversed if there is a substantial conflict in the proofs in regard thereto. But the appellate court must examine such proofs for the purpose of determining whether or not there is such a clear preponderance against the determination of the lower court."

It was held in *Naylor v. Sidener,* 106 Ind. 179 (6 N. E. 345), that the supreme court, in determining whether a receiver has been properly appointed, will consider the affidavits and oral evidence properly in the record, as well as the allegations of the complaint, but will not overrule or interfere with the discretion of the trial court on the mere weight of evidence.

Appellants cite the case of *Whitehouse v. Point Defiance, etc., Ry. Co.,* 9 Wash. 558 (38 Pac. 152), to the effect that a sworn answer denying all the equities of the bill amounts in practice, on the hearing of such application, to a *prima facie* case in favor of the defendants. It is true, as observed in Beach on Receivers, § 151:

" The reason for this rule has been stated to be that 'the plaintiff, having addressed himself to the conscience of the defendant, has made him a witness and must take his answer as true, unless he can overcome it;' "

and a number of authorities are cited to the effect that it is a general rule that a receiver will not be appointed in a case where the equities of the plaintiff's bill are fully denied by the sworn answer of the defendant. But the answer mentioned by Mr. Beach was the full and responsive one under the rules of chancery.

"An answer," says Judge Story (Equity Pleadings, 10th ed., § 852), "must be full and perfect to all the material allegations in the bill. It must confess, avoid, deny or traverse all the material parts of the bill. It must state facts and not arguments. It is not sufficient that it contains a general denial of the matters charged."

See, also, 1 Enc. Pl. & Pr., 875, 876.

The affidavits on the part of defendants at the hearing, upon the motion to appoint a receiver, contain many literal denials of the allegations of the complaint, and in some instances conclusions of law, and in several instances are not full and explicit in explanations in answer to charges

in the complaint. But it would not be profitable to review the testimony in the form of affidavits before the court. There is not a clear preponderance for defendants, and this court cannot undertake to weigh the testimony, as heretofore announced. The facts are specifically stated in the complaint, and, if true, plaintiffs are entitled to the relief demanded. Beach on Receivers, § 86 (Alderson's ed.), states the rule:

" If the property of a corporation is being mismanaged, and is in danger of being lost to the stockholders and creditors through the collusion and fraud of its officers and directors, or mismanagement and waste, courts of equity have inherent power to appoint receivers."

Morawetz, Private Corporations, § 281; 20 Am. & Eng. Enc. Law, 272; *Hawes v. Oakland,* 104 U. S. 450.

The judgment of the superior court is affirmed.

SCOTT, C. J., and ANDERS, DUNBAR and GORDON, JJ., concur.