[No. 5066.   Decided April 7, 1905.]

GILBERT K. KIDDER, *Receiver of the Independent Lumber Company, Appellant,* v. WITTLER-CORBIN MACHINERY COMPANY *et al., Respondents.*[1]

SALES—CONDITIONAL SALE TERMED A LEASE—VALIDITY. The delivery of machinery under a conditional bill of sale, termed a lease, for a specified price payable in installments, providing that payments shall be applied as rent with the right of forfeiture until full payment is made, is valid as a conditional sale, passing no title until final payment, and binding also on third parties.

SAME—FORFEITURE FOR NONPAYMENT—RE-SALE—FRAUD—INSOL-VENT CORPORATIONS—FRAUD ON CREDITORS—RECEIVERS—RECOVERY OF PROPERTY—TENDER. Where a corporation, after purchasing machinery under a conditional bill of sale, became insolvent and defaulted, whereupon the vendor declared a forfeiture and re-sold the property to a brother of the president of the corporation, who

[1]Reported in 80 Pac. 301.

paid his own money on the purchase price, neither the purchaser's knowledge of the insolvency, nor collusion with the officers of the corporation, would amount to a fraud upon creditors, making the purchaser a fraudulent trustee, so as to entitle a receiver to recover the property, where the receiver did not tender the purchase price paid, and the insolvent corporation was not prevented by any fraud from making its payments on its original purchase.

Appeal from a judgment of the superior court for King county, Albertson, J., entered July 18, 1903, in favor of the defendants, upon the admissions and pleadings of the parties at the trial, dismissing an action to recover personal property. Affirmed.

*Peters & Powell*, for appellant.

*Willis B. Herr* and *Kerr & McCord*, for respondents.

MOUNT, C. J.—This action was brought by the plaintiff as receiver of the Independent Lumber Company, an insolvent corporation, to recover possession of certain mill machinery, and to quiet title to the said machinery in the plaintiff. When the issues were made up, and the case came on for trial, and after the plaintiff had made certain admissions, the trial court, upon the pleadings and admissions, dismissed the action. Plaintiff appeals.

The facts, as shown by the record, are substantially as follows: In the year 1902, the Wittler-Corbin Machinery Company delivered to the Independent Lumber Company a certain tubular boiler and engine, with all the necessary fittings, valves, etc., installed and ready for operation in the mill of the last named company. This machinery was delivered under a conditional bill of sale, for the price of $1,942, to be paid in installments from time to time. It was agreed, that the contract should be construed as a lease until the full sum of $1,942 had been paid, and that time was of the essence of the contract; that, upon the

failure of the lessee to make any of the payments, thereupon, without notice, the contract should be deemed cancelled, and all payments theretofore made should belong to said Wittler-Corbin Machinery Company for the prior use of the said machinery, and that the lessor might retake the same into its possession; that the said property should, at all times, remain the property of the said Wittler-Corbin Machinery Company until all payments had been made. This contract was duly executed and placed of record.

The Independent Lumber Company paid $600, under the terms of the contract, but failed and neglected to make other payments when the same became due. While payments were thus past due and unpaid, and after the Independent Lumber Company had become insolvent, the Wittler-Corbin Machinery Company declared a forfeiture of the contract with the Independent Lumber Company, and asserted its right to possession of said machinery, and thereafter resold the same to respondent W. S. Pierce, under a contract substantially the same as the one with the Independent Lumber Company, but at a less price, the contract price with said Pierce being $1,490.87. Pierce paid $450 down, at the time the machinery was delivered to him, and the balance in full before this action was begun.

At the time the Wittler-Corbin Company declared a forfeiture of the contract with the Independent Lumber Company, this company was insolvent, and owed a large amount of debts, with insufficient assets to pay the same. Respondent W. S. Pierce, who bought the machinery after the forfeiture, is a brother of S. H. Pierce, who was president of the Independent Lumber Company. It is alleged in the complaint that respondent knew of the insolvency of the corporation, at the time of the forfeiture

of the contract with the corporation, and that W. S. Pierce purchased the machinery under a secret fraudulent trust with the officers of the insolvent corporation, in fraud of the rights of the creditors of that corporation. This fraud was denied by the answers, and the utmost good faith between the respondents was alleged. The fraud was reasserted by the appellant in reply. All the other facts above stated are admitted.

The fraud is based upon the fact that W. S. Pierce was a brother of the president of the insolvent corporation, and that both said Pierce and the Wittler-Corbin Machinery Company knew of the insolvency of the corporation. It is not alleged that, by reason of any fraud, the lumber company was prevented from making the payments due on the contract, or that the lumber company was able to make the payments, or intended so to do. If the Independent Lumber Company had been the owner of the property, or could be held to be entitled to the possession of the property at the time the machinery was taken from its possession, then, no doubt, the company or creditors might complain. But we have held that leases of the kind under considera-tion are conditional sales by which the title does not pass, and that such sales are valid, as well against third parties, as against the parties to the transaction. *Quinn v. Parke & Lacy Mach. Co.,* 5 Wash. 276, 31 Pac. 866; *Cherry v. Arthur,* 5 Wash. 787, 32 Pac. 744; *Edison Gen. Elec. Co. v. Walter,* 10 Wash. 14, 38 Pac. 752.

According to this rule, when the insolvent corporation failed to make its payments then due under the terms of the contract, it was no longer entitled to possession of the machinery. It is conceded that the Wittler-Corbin Ma-chinery Company immediately took possession of the property, as it had a right to do, and resold the same to the other respondent, W. S. Pierce, who, by the payment of

his own money for the purchase price, necessarily became the owner. Even if Pierce colluded with his brother, the president of the insolvent corporation, for the purpose of obtaining possession, and even if said Pierce purchased the property as trustee for the corporation and paid his own money therefor, the receiver subsequently could not maintain this action for the recovery of the property without tendering the purchase price paid by Pierce. There is no allegation or claim of any such tender. It is true that defendants demurred to the complaint upon the ground that it did not state facts sufficient to constitute a cause of action, and it is also true that the demurrer was overruled, but the complaint alleged that the Independent Lumber Company, at the time of the sale to Pierce, was in possession of the property and had paid $600 thereon. The terms of the conditional sale were not set out. These allegations would show, on the face of the complaint, that the said company was the owner of the property to the extent at least of $600. But when the terms of the conditional sale were set out in the answer, and a forfeiture pleaded and admitted, and when it was further admitted that the Wittler-Corbin Machinery Company had taken possession of the machinery before the sale to Pierce, an entirely different face was placed upon the allegations of the complaint.

The admitted facts in the case then showed that the receiver had no equitable claim upon the property at all, until he offered to do equity himself by paying, or offering to pay, to Pierce the money which he had paid for the machinery. If Pierce is, in fact, a trustee, he certainly may hold the trust property until he is reimbursed for the purchase price, unless, of course, he purchased it in fraud of the creditors of the corporation. We have seen above that neither the corporation nor the creditors had any

rights to or in the property, by reason of the forfeiture and resumption of possession by the Wittler-Corbin Machinery Company. Hence, there could be no fraud in the transfer.

We think the judgment of the trial court was right. It is therefore affirmed.

DUNBAR, HADLEY, and FULLERTON, JJ., concur.

RUDKIN, ROOT, and CROW, JJ., took no part.