[No. 9186.    Department Two.    January 28, 1911.]

SUMNER IRON WORKS, *Appellant*, v. PAUL A. WOLTEN, *Receiver of the S. D. Lumber Company, Respondent*.[1]

APPEAL—DECISIONS REVIEWABLE—FINAL ORDERS—AFFECTING SUBSTANTIAL RIGHTS. An order dismissing a claim for specific property against a receiver, which had the effect of sustaining a demurrer to a complaint and required the party to come in as an ordinary creditor, is appealable as a final order determining the proceeding and affecting a substantial right, within Rem. & Bal. Code, § 1716.

RECEIVERS—TITLE TO PROPERTY — CONDITIONAL SALE — RIGHTS OF VENDOR—CLAIMS. Where an insolvent held property under a conditional sale agreement, the vendor may file a claim for the property with the receiver, and is entitled to have the matter heard in the receivership and the property restored to its possession without beginning an action or obtaining leave of court; and such claim is not a waiver of any rights under the contract.

Appeal from an order of the superior court for Whatcom county, Kellogg, J., entered June 11, 1910, dismissing a

[1]Reported in 112 Pac. 1109.

claim against an insolvent, upon sustaining the objections of the receiver. Reversed.

*Cooley & Horan* and *Robert Mulvihill*, for appellant.

*Whitcomb & Montfort*, for respondent.

Morris, J.—On February 10, 1909, the Sumner Iron Works sold to the S. D. Lumber Company, under a conditional bill of sale, certain mill machinery. The bill of sale contained the usual provision that title should remain in the Sumner Iron Works until the property was wholly paid for, and that it should have the right to the possession of the property upon default in the payments, retaining the amount paid as the rental use and value of the property. The sale price of the property was $13,017, of which amount $3,254.50 was paid at the time of delivery, and the balance was to be paid in three equal payments in three, seven, and eleven months, with interest at eight per cent. The contract was filed in the auditor's office within ten days from its date, and the Lumber Company took possession of the property. No further payments were paid except $28.62 on June 21, 1909, which was credited on the interest then due upon the deferred payments.

On July 28, 1909, the Lumber Company, upon petition of J. W. Stout, was declared insolvent, and respondent appointed its receiver. He duly qualified as such, and took possession of all the property of the Lumber Company, including the machinery covered by the conditional bill of sale. Thereafter the appellant filed a claim in the receivership case, in which it set forth the terms of the sale of the machinery to the Lumber Company, and the default in the payments as provided for in the contract; asserted its right to the possession of the machinery under the terms of the contract; and asked that it be permitted to remove it, or that it be secured in the payment of the amount then due.

The receiver made a motion to strike this claim, upon the grounds, (1) that the Iron Works had not obtained leave

of court to maintain action against the receiver; (2) that the court had full jurisdiction to ascertain and determine priorities of creditors and to afford ample protection; (3) that no intervention had been sought; and (4) that the Iron Works had filed its proof of claim with the receiver and submitted itself to the jurisdiction of the court and was estopped from claiming a forfeiture of the contract or retaking the property. This motion was granted, and appellant's claim dismissed, and it brings this appeal.

Respondent moves to dismiss the appeal, upon the ground that the order granting his motion and dismissing appellant's claim is not an appealable order. In support of this contention, respondent argues that the court below treated his motion as a demurrer, and that an order sustaining a demurrer is not appealable. It is true we have so held, and such is still the rule. A plaintiff to whose complaint a demurrer has been sustained may plead over, or he may elect to stand on his plea and appeal from the subsequent order of dismissal, should such an order be entered. This is, in effect, the situation here. Appellant could not amend its claim. It had stated the whole situation upon which is based its claim to retake the machinery; and when the court held, as a matter of law, that it had no right to retake the machinery, but must submit its claim as an ordinary creditor for the amount claimed to be due and take its chances upon a distribution, it was in effect a final order depriving it of the right to recover the possession of the machinery, and in effect determining the proceedings, so far as appellant sought to enforce its rights under the conditional bill of sale. It could hardly be said that such an order did not affect a substantial right of appellant to have its interest in the machinery determined in the receivership case upon its plea of title and ownership. Rem. & Bal. Code, § 1716, provides for an appeal, "(6) From any order affecting a substantial right in a civil action or proceeding, which either (1) in effect determines the action or proceeding and prevents a final judgment therein; or (2)

discontinues the action." We believe the order dismissing appellant's claim was such an order and appealable. The motion to dismiss is therefore denied.

Coming now to the merits, it is well settled in this state that, under a contract such as between the appellant and the Lumber Company, title does not pass, and that such a reservation of title is enforceable against third parties. *Kidder v. Wittler-Corbin Mach. Co.*, 38 Wash. 179, 80 Pac. 301. Appellant, therefore, had two courses it might pursue: it could assert its title to the machinery as against the receiver and claim the possession thereof; or it could surrender and waive its right so to do, and come in under a general creditors' claim. It chose the former, and having done so, it was the duty of the receiver to report the demand to the court and ask for instructions. It would have been the court's duty to thereupon inquire into the demand, and if it found it well taken, to order the receiver to comply therewith and surrender the machinery or pay the balance due. The receiver could obtain no better or different title or claim to the machinery than the insolvent lumber company. Its rights were his rights; no more, no less. The adjudication of the insolvency of the lumber company and the appointment of a receiver in no wise established any lien upon this machinery. It remained with the receiver, as with the lumber company, subject to the assertion of appellant's title because of the default in the deferred payments. *York Manufacturing Co. v. Cassell*, 201 U. S. 344; *Risk v. Kansas Trust & Banking Co.*, 58 Fed. 45; *Ardmore Nat. Bank. v. Briggs Mach. & Supply Co.*, 20 Okl. 427, 94 Pac. 533, 129 Am. St. 747. The appointment of a receiver could not give the Lumber Company any additional contractual rights, nor deprive it of any old ones. Nor was the filing of this claim in the receivership case any waiver of any right granted appellant under the contract. Its debtor, by the order of the court, had been deprived of its possession of the machinery, and it was right and proper to pray the court which had, by its adjudication of

insolvency and appointment of receiver, assumed jurisdiction over all property and property rights of the insolvent debtor, to uphold the contract and enforce its rights. In doing this, there was no necessity for an action against the receiver, nor any leave of court. All that was required was to call the attention of the court to the facts; and that it did so by filing its demand with the receiver, as creditors are wont to file their claims, did not deprive it of any of its rights under its contract, nor reduce its right to the machinery to that of a general creditor without specific lien.

The order appealed from is reversed, and the cause remanded to the court below for such proceedings as are herein indicated.

DUNBAR, C. J., RUDKIN, and CROW, JJ., concur.

CHADWICK, J. (concurring)—A petition filed in a receivership proceeding is not an action against the receiver, within the meaning of the rule requiring leave to sue, and in reviewing the order striking the petition from the files we are not required or permitted to look beyond the face of the petition itself. On its face, it discloses a clear right in the appellant to either a return of its property or the payment of the balance due on the purchase price. If there is a defense to the petition not appearing on its face, it must be presented by answer and not by motion. I concur in the judgment of reversal.