[No. 19499.    Department Two.    March 3, 1926.]

T. F. MENTZER, *Respondent,* v. MENTZER BROTHERS LUMBER COMPANY *et al., Appellants,* GREEN RIVER LUMBER COMPANY, *Defendant.*[1]

[1] CORPORATIONS (218)—INSOLVENCY AND RECEIVERS—APPOINTMENT OF RECEIVER—DIVERSION OF ASSETS. A receiver of a corporation is properly appointed, where the property of the corporation was being rapidly taken from corporate uses, and applied by the controlling stockholders to the payment of alleged obligations due them, and the parties on both sides admitted grievous differences and expressed a desire for a settlement.

[2] SAME (195)—VENUE—TRANSACTION OF CORPORATE BUSINESS. Where the property of a corporation, real and personal, is within the county, the superior court of such county has jurisdiction to appoint a receiver, though the principal office of the corporation is in another county.

Appeal from an order of the superior court for Thurston county, Wilson, J., entered July 1, 1925, appointing a receiver for a corporation in an action by

¹Reported in 243 Pac. 832.

a stockholder for an accounting, tried to the court. Affirmed.

*Stiles & Latcham,* for appellants.

*Troy & Yantis,* for respondent.

MITCHELL, J.—This is a suit in equity by a minority stockholder of Mentzer Brothers Lumber Company, a corporation. The plaintiff and two of the defendants, C. A. Mentzer and Marie Mentzer, own all the stock of the corporation. Among other things, the object of the suit was to compel an accounting of moneys belonging to the corporation, alleged to have been wrongfully converted by the defendant stockholders, and to prevent a threatened future appropriation by them of moneys of the corporation, and for a receiver pending the litigation.

Upon oral testimony at the hearing, a receiver was appointed as prayed for. The corporation, C. A. Mentzer and Marie Mentzer have appealed.

It appears that, for some years, the corporation was engaged actively in the mill and lumber business in Thurston county, owning considerable timber lands; that, a number of years prior to the commencement of this action, it ceased the mill business and the removal of timber from its lands; also, that a number of years ago the respondent, owner of three-eighths of the stock of the corporation, who for years had been president of the corporation and personally active in the management of its affairs, was removed as such by the other stockholders and denied any part in the management of the affairs of the corporation. It further appears that of late years the corporation has been selling its property, the proceeds being applied to other than corporate purposes upon the claim that the amounts thus appropriated were less than the amounts owing

such stockholders by the corporation. Shortly before this suit was brought, the corporation, through the individual appellants who were in control of the affairs of the corporation, entered into an executory contract with the Green River Lumber Company for the sale to it of the last piece of valuable timber land belonging to the appellant corporation. The respondent, upon learning that it was the intention of the other stockholders to apply all the proceeds of this sale upon what they claimed to be the private debt of one of them against the corporation, brought this action, and at the trial testified that the demand of the other stockholders as to such claim against the corporation was without any just and legal foundation. On the contrary, it was shown that the respondent had collected money, which he reported, but all of which he had not turned over to the corporation. This he admitted, and explained that, of the amount thus collected, the portion not belonging to him according to his proportion of the corporate stock of the corporation was less than his portion of moneys theretofore collected by the other stockholders, and applied by them on what he contended they erroneously claimed to be a private account of one of them against the corporation; and that he notified the other stockholders that he stood ready to account for the amount withheld by him, whenever they would account for what they had theretofore received and not accounted for to him.

[1] The parties are certainly at cross-purposes with each other. Each substantially denies all claims asserted by the other, and in the meantime the property of the corporation is apparently being rapidly taken from corporate uses. At the hearing, the parties on both sides admitted grievous differences and expressed a desire for an adjudication and settlement of them.

Under all the circumstances of the case, the trial court was right in its order. It exercised a sound discretion in the appointment of the receiver while the accounting is being had. *Cameron v. Groveland Imp. Co.,* 20 Wash. 169, 54 Pac. 1128, 72 Am. St. 26; *Hampton v. Buchanan,* 51 Wash. 155, 98 Pac. 374.

[2] Some question is raised as to the jurisdiction of the superior court of Thurston county. While it appears from the articles of incorporation that the principal place of business of the corporation is in another county, it appears also that about all the property, real and personal, now or heretofore owned by the corporation, is and was in Thurston county, and that the corporation transacted business in that county at the time the cause of action arose. This meets the requirements of § 206, Rem. Comp. Stat.

Affirmed.

TOLMAN, C. J., MAIN, PARKER, and MACKINTOSH, JJ., concur.