# Moritz & Weil *v.* Miller, Schram & Co.

*Creditor's Bill in Equity, to set aside Fraudulent Conveyance.*

| 87 | 331 |
| 93 | 131 |
| 93 | 207 |
| 87 | 331 |
| 96 | 477 |
| 97 | 413 |
| 87 | 331 |
| 104 | 302 |
| 87 | 331 |
| 119 | 390 |
| 87 | 331 |
| 121 | 209 |
| 122 | 413 |
| 87 | 331 |
| 131 | 116 |

1. *Receiver; appointment without notice.*—A receiver should not be appointed without notice, on the filing of a bill by a simple-contract creditor to set aside, on the ground of fraud, a transfer by an insolvent debtor of all his outstanding notes and accounts, when the bill merely alleges, on information and belief, that the transferrees are rapidly collecting the notes and accounts, and placing them beyond the reach of creditors, but does not allege that they are insolvent, or unable to respond to any decree which might be rendered against them; and the accompanying affidavit only states that, in the belief of the affiant, based on information, to give notice of the application would cause delay, which would probably defeat the receiver, and prevent him from taking possession and recovering the notes and accounts; it further appearing that all the defendants reside in the city in which the bill was filed.

APPEAL from the City Court of Montgomery, in equity.

Heard before the Hon. THOS. M. ARRINGTON.

The appeal in this case is sued out from an order for the appointment of a receiver, under a bill filed by Miller, Schram & Co., as simple-contract creditors of Moritz & Weil, against their said debtors and others, seeking to set aside as fraudulent a transfer of their outstanding notes and accounts by said Moritz & Weil.

TOMPKINS & TROY, for appellants, cited High on Receivers, §§ 111-13; *Briarfield Iron Works v. Foster*, 54 Ala. 622.

RICE & WILEY, *contra.*

CLOPTON, J.—As receivers are ordinarily appointed without requiring of the applicant bond indemnifying the other party against damages which may be caused by a wrongful appointment, the utmost care and circumspection should be observed in administering this extraordinary remedy. The court should ever be reluctant to summarily take property from the possession of a defendant claiming right or title thereto, and putting it into the control and management of an appointee of the court, without affording the claimant and possessor opportunity to be heard in

opposition.   When the most provident care is used, it not infrequently happens that great injustice, and sometimes irreparable injury, is occasioned.   In view of these probable evils, and for the purpose of avoiding, as far as practicable, an improper and injudicious exercise of this jurisdiction, the statute provides: "Receivers may be appointed by the chancellor in term time or vacation, and by the register in vacation, upon application in writing; and when the application is made in vacation, reasonable notice of the time of such application, and the person to whom it will be submitted, must be given, or a good reason shown to the chancellor or register for the failure to give the same."—Code, 1886, § 3534.

The complainants, who are simple-contract creditors of the firm of Moritz & Weil, seek by the bill to set aside a transfer of their books, notes, accounts and other *choses* in action, to the other defendants, on the alleged ground, that the transfer was made upon a simulated and fictitious consideration, with intent to hinder, delay or defraud complainants and the other creditors of the firm.   The equity of the bill may be conceded.   The question on this appeal is not, solely, whether the bill makes a *prima facie* case for the appointment of a receiver—a case in which it does not seem reasonable that the assets should be left in the possession of the defendants pending the litigation.   A decision as to the propriety and necessity of appointing a receiver would be premature, in advance of a showing by defendants against it, or an opportunity to make such a showing.   The receiver being appointed without notice, and before service of process, the material question is, whether a good reason is shown for the failure to give notice.

By the established practice, independent of statute, courts of equity, being averse to interference *ex parte*, will entertain, in ordinary cases, an application for the appointment of a receiver, only after notice, or rule to show cause. The exceptional cases are, when the defendant is beyond the jurisdiction of the court, or can not be found, or when some urgent emergency is shown rendering interference, before there is time to give notice, necessary to prevent waste, destruction or loss; or when notice itself will jeopardize the delivery of the property, over which the receivership is extended, in obedience to the order of the court.   The statute being silent as to what will constitute a good reason, precedents and adjudged cases under the general practice. in

the absence of statutory regulations, will afford a sufficient guide. The bill alleges that the defendants, to whom the books, notes and accounts were transferred, are rapidly collecting the indebtedness, and placing the money beyond the reach of the creditors. If, in connection with this averment, the insolvency of these defendants, or their inability to respond to any decree which may be rendered against them if the transfer be declared fraudulent, had been alleged, it may be that a good reason would have appeared for the failure to give notice.—*Sims v. Adams*, 78 Ala. 395; *Ashurst v. Lehman*, 86 Ala. 370; 5 So. Rep. 731; *Micou v. Moses*, 72 Ala. 439. But the bill contains no such allegation; and the averment made is verified on information and belief, without stating the source of the information, its character, or when obtained. The reason for failure to give notice, deducible from the mere allegations of the bill, is a mere suspicion, opinion or belief, that defendants may spirit away the effects, and place them beyond the power of the court to compel their delivery.

The only other reason is found in the affidavit of one of the complainants, made for the appointment of the receiver, which states, upon information and belief, that to give notice of the application for a receiver would cause delay, which would probably defeat the receiver, and prevent him from taking possession of, and preserving the books, accounts and *choses* in action. In *Verplanck v. Mercantile Ins. Co.*, 2 Paige, 438, Chancellor Walworth says: "In every case, when the court is asked to deprive the defendant of the possession of his property without a hearing, or an opportunity to oppose the application, the particular facts and circumstances, which render such a summary proceeding proper, should be set forth in the bill or petition on which such application is founded. Oglevie's affidavit in this case, that he was satisfied of the necessity of such a proceeding, was not sufficient. He should have stated the facts on which his opinion was founded, to enable the court to judge of its correctness." This ruling was approved and followed in *French v. Gifford*, 30 Iowa, 148. The affidavit in the present case is not as strong as those in the cases cited. It merely states, that in the belief of the witness, based on information, notice of application would *probably* defeat the receiver. He should have stated the facts, of which he had been informed, on which he founded his belief. The receiver was appointed on the same day on which the bill was filed,

[Anderson v. Bellenger & Ralls.]

and process was not served until next day.   It appears from the bill that all the defendants reside in the city of Montgomery, where the order was made.   They could have been speedily served with notice, without causing any unusual or probable injurious delay.

On the foregoing principles, we are forced to the conclusion, that the allegations of the bill, and the affidavit for the appointment of a receiver, do not justify such appointment without notice.   To hold otherwise, would render the statute nugatory.—*Frichert v. Burgess*, 11 Md. 452; High on Receivers, §§ 111–112.

The order appointing the receiver must be reversed, and the cause remanded.   Complainants can make another application, if so advised.

Reversed and remanded.