[No. 1277.   Decided May 24, 1894.]

W. B. ROBERTS, *Receiver of the Washington Savings Bank of Spokane, Respondent*, v. THE WASHINGTON NATIONAL BANK, *Appellant*.

APPEAL — ORDER APPOINTING RECEIVER — BANKING CORPORATIONS — FRAUDULENT TRANSACTIONS.

On an appeal from an order appointing a receiver, the appellate court is authorized to examine fully into the matter, and determine from the law and facts of the case whether the discretion reposed in the trial court has been abused.

The transfer of notes held by one bank to another bank as collateral security for a loan cannot be regarded as such a fraud as to justify the appointment of a receiver for the bank securing the notes, when the banks were each represented in the transaction by their own officers, although the transaction was conducted by the same person as agent for the two corporations; nor is such transfer rendered fraudulent by the fact that other and prior transactions between the banks were of an illegal character.   (DUNBAR, C. J., dissents.)

*Appeal from Superior Court, Spokane County.*

*R. B. Blake*, and *Frank T. Post*, for appellant.

*Turner, Graves & McKinstry*, for respondent.

The opinion of the court was delivered by

HOYT, J.—This is an appeal from an order appointing a receiver to take possession of certain notes alleged to be in the possession of the defendant.   The first question to be determined is as to the scope of the inquiry in this court upon appeals from orders of this kind.   It is contended on the part of the respondent that such inquiry must be confined within narrow limits, and authorities have been cited to sustain his contention in that behalf.   The convenience of this court would surely, and public policy probably, be subserved by the sustaining of the contention

of the respondent in this regard. We are, however, unable to so hold. As we interpret the statute, it requires that we should entertain such appeals and give the appellant the benefit of our determination as to whether or not the order appealed from was authorized by the law and facts. It does not follow from this construction of the statute that no weight should be given to the decision of the question in the court below. The making of such orders is committed, under our system, to the sound discretion of the judge before whom the proceeding is pending, and his decision of the question must stand, unless the appellate court, upon an examination of the law and facts of the case, shall affirmatively determine that his action was not warranted; and in determining this question, the decision of questions of fact will not be reversed if there is a substantial conflict in the proofs in regard thereto. But the appellate court must examine such proofs for the purpose of determining whether or not there is such a clear preponderance against the determination of the lower court. In other words, we will treat its determination of the facts somewhat as we would the verdict of a jury or the findings of a court in a law case.

Examining the proofs offered in this case with these limitations in view, and applying thereto the law of the case as we understand it, there is practically but a single question of fact as to which there could be any doubt whatever, and that is as to whether or not the notes in question came into possession of the defendant fraudulently. The proof offered tending to show that the defendant was insolvent was of such an unsatisfactory character, and was so fully explained and overthrown by testimony on the part of the defendant, that it could furnish no reason for the appointment of a receiver.

In determining the question as to whether or not the notes were fraudulently obtained by the defendant, we feel

compelled to accept the statements in the affidavit of F. E. Goodall, offered on the part of the defendant, as to the circumstances under which these notes were passed from the bank represented by the plaintiff to the defendant. The proofs as to these circumstances, tendered on the part of the plaintiff, were almost entirely hearsay, and while under the circumstances disclosed such proofs were probably competent and sufficient to *prima facie* establish the allegations thereof as facts upon which the court could properly found its action, yet when they were met and explained by the uncontradicted testimony of one having actual personal knowledge of all the circumstances, they could no longer be properly considered as facts in the determination of the questions involved. The circumstances under which these notes were obtained by the defendant, as disclosed by this affidavit, were that they were given as collateral to notes given to the defendant for money borrowed by the plaintiff's bank for the purpose of paying its depositors; that the money for which these notes were given was actually paid over in currency or coin, and that the notes in question were transferred as collateral thereto as a part of the transaction. The circumstances concerning this single transaction, as shown by this evidence, were such that it could not be avoided, by reason of the fact that the same person was assuming to act for the two corporations. On the contrary, it appeared therefrom that the transaction was had between the two banks, each represented by its own officers. It must follow that the transaction by which these notes passed to the defendant was in itself a *bona fide* one, and in no sense fraudulent. Was it so affected by the other transactions set up in plaintiff's complaint as to take from it its *bona fide* character? In our opinion it was not. In coming to this conclusion we have not overlooked the position of the respondent as to the invalidity of transactions as between two corporations

when conducted by the same person as agent.    But even if we should agree with his contention that the prior transactions between the banks could be avoided and set aside by either, we are not satisfied that this transaction would be rendered fraudulent on account of the illegal character of prior ones.    But if we are to take the proof offered on the part of the defendant, which is uncontradicted by any one having any knowledge, there are disclosed sufficient facts to authorize the court to find that the prior transactions set up in the complaint were not fraudulent.    If it were true that the paper of the Custer Mining Company, described in the complaint as having been transferred by the defendant to the plaintiff's bank, was so transferred in pursuance of a prior agreement entered into by the banks, the fact that such agreement was consummated by an agent acting for both would not render invalid the prior agreement, and would not in equity authorize a court to adjust the rights of the two banks, excepting in the light of such prior agreement.

As to the character of these prior transactions, as shown by the proof offered on the part of the defendant, they were of such a nature that except in an emergency growing out of absolute insolvency, or something of that kind, they should not be determined adversely to the rights of the one in possession of the fruits thereof, upon an application for a receiver, but should be left for determination upon the hearing of the cause upon its merits.

The right to appoint receivers vested in the courts should only be exercised when it is clearly shown to be necessary to prevent the defeat of justice.    There has been a tendency in recent years among courts to appoint receivers almost as a matter of course, if the case as made by the plaintiff's complaint seems to warrant such action.    This tendency has advanced at least as far as the proper administration of justice will allow, and in our opinion it is the

duty of the courts rather to restrict than extend this grow-
ing tendency.

The order appointing the receiver must be reversed.

ANDERS and STILES, JJ., concur.

DUNBAR, C. J. (*dissenting*).—I think, from a perusal
of the testimony, that the action of the court in appointing
the receiver was justified, and I therefore dissent.

SCOTT, J., concurs.