# Birmingham Disinfectant Company, et al. v. Smith, et al.

*Bill for an Accounting, and Appointment of a Receiver.*

Decided Nov. 22, 1911. 56 South. 721.)

1. *Receivers; Appointment; Requisites; Notice.*—The court will appoint a receiver without notice only in an urgent case clearly made out; the affidavits should be distinct and precise, and where fraud is one of the grounds relied on, the facts constituting it should be stated; where the verification is not based on knowledge of the affiant, but merely on information and belief, it is not sufficient.

2. *Corporation; Receivers for; Grounds; Refusal of Examination.*—The appointment of a receiver for a corporation is not authorized by the refusal of the officers of the corporation to permit stockholders to examine the books of the corporation.

3. *Same; Misconduct of Officers; Presumptions.*—Where the application for a receiver alleges only on information and belief that the officers of the corporation are insolvent, the presumption will be indulged that such officers are solvent.

4. *Same.*—If the officers are solvent, misappropriation of corporate funds or assets by the officers is not grounds for the appointment of a receiver for the corporation.

5. *Same; Disagreement as to Management.*—As an appointment of a receiver for a corporation is made only to prevent fraud, or to save the subject matter from threatened destruction or material injury, in the absence of fraud, disagreement among the directors or stockholders as to the management of the business of the corporation is not, ordinarily, grounds for the appointment of a receiver.

APPEAL from Jefferson Circuit Court.

Heard before Hon. E. C. CROWE.

Bill by Mrs. D. M. Smith and others, against the Birmingham Disinfectant Company and others, for appoint-

ment of a receiver, and for an accounting. From a decree appointing a receiver respondents appeal. Reversed and remanded.

BLACK & DAVIS, and BARNEY L. WHATLEY, for appellant. The court erred in the appointment of a receiver. In the first instance the affidavits were on information and belief, and were, therefore, insufficient.—*Schlicer v. Brock, et al.,* 124 Ala. 626; *Pollard v. Southern F. Co.,* 122 Ala. 409; *Burgess v. Martin,* 111 Ala. 656; *Ex parte Globe I. & R. R. Co.,* 87 Ala. 113. The insolvency of the officers is alleged only on information and belief.— *Dickens v. Dickens,* 45 South. 630. A receiver should not be appointed at any stage of the proceedings if any other remedy will afford adequate relief.—*Hayes v. Jasper L. Co.,* 41 South. 909; *Dickens v. Dickens, supra; Ala. C. & C. Co. v. Shackelford,* 34 South. 833; *Thompson v. Power Mfg. Co.,* 6 South. 728.

J. S. KENNEDY, for appellee. No brief reached the Reporter.

SOMERVILLE, J.—This appeal is taken from the action of the lower court, appointing a receiver without notice to the opposite party.

The complainants are the owners of a majority of the stock in the defendant corporation. At a meeting of the stockholders, held in March, 1910, the defendants A. F. Stubbs and his wife, Mrs. Stubbs, including the complainant Mrs. D. M. Smith, were chosen as directors of the company. The said A. F. Stubbs was subsequently elected president of the company, and Mrs. Smith was elected as secretary. It is further alleged that subsequently W. L. Smith was elected president in the place of the said Stubbs. This statement is supplemented by the one further that a controversy arose between these

contestants for the office of president, which was litigated in the courts, and was decided in favor of Stubbs; so the petition can derive no equity from it in a proceeding of this character.

The following allegations are made, based on the mere "information and belief" of the complainants: (1) That the said A. F. Stubbs has turned over to a new corporate company, called by him the "Standard Disinfectant Company," all the property and assets owned by the said Birmingham Disinfectant Company, including especially certain formulas purchased from Dr. Hayes and others. (2) That said Stubbs had permitted a part of the property of said company to be sold at execution sale; and that his wife had become the purchaser. (3) That he had sufficient funds as president of the company to purchase the same, but permitted the property to be sold, so that it might be purchased by his wife and used in the new company; and that the commencement of the suit had been fraudulently concealed, so as to carry out this purpose. (4) That the said company was believed to be insolvent. It is important to keep in mind, as we have before said, that these allegations are made merely on the *information and belief* of the complainants.

As said by Stone, C. J., in *Thompson v. Tower Mfg. Co.,* 104 Ala. 140, 16 South. 116, and often reaffirmed by this court: "It should be a strong case of emergency and peril, well fortified by affidavits, to authorize the appointment of a receiver, without notice to the other party."—*Pollard v. Southern Fertilizer Company,* 122 Ala. 409, 25 South. 169. These affidavits, moreover, are required to be distinct and precise. General allegations are insufficient, especially when fraud is one of the grounds relied on for the interference of the court. If fraud is claimed to be a ground of relief, the facts constituting it should be stated. In other words, the verifi-

cation should be based on the knowledge of the affiant, and if based upon information and belief only it will be insufficient.—*Schilcer v. Brock,* 124 Ala. 626, 27 South. 473; *Burgess & Co. v. Martin,* 111 Ala. 656, 20 South. 506; High on Receivers (4th Ed.) §§ 89, 292; *Cortelyou v. Hathaway,* 11 N. J. Eq. 39, 64 Am. Dec. 478, note, p. 485.

The allegations made in the petition that the defendant Stubbs had refused to allow complainants to examine the books of the company constituted no valid ground for the appointment of a receiver. The remedy was in another forum and by another form of action.—*Ala. Coal & Coke Co. v. Shackelford,* 137 Ala. 224, 34 South. 833, 97 Am. St. Rep. 23; *Original Vienna Baking Co. v. Heissler,* 50 Ill. App. 406.

It must be assumed that the defendants are solvent, and not insolvent, as claimed on information and belief; and such being the presumption the allegation that they are fraudulently misappropriating the assets of the company cannot avail to aid the complainants in obtaining the purpose of their prayer.—*Hayes v. Jasper Land Co.,* 147 Ala. 340, 41 South. 909.

It has been well said that receivers should be appointed only to "prevent fraud, save the subject of litigation from material injury, or preserve it from threatened destruction."—*Briarfield Iron Works v. Foster,* 54 Ala. 622. And the mere allegation of a disagreement among the directors or stockholders as to the management of the business, in the absence of fraud, would ordinarily be no sufficient ground to justify such appointment.— *Little Warrior Coal Co. v. Hooper,* 105 Ala. 665, 17 South. 118.

We are of opinion that the facts alleged within the knowledge of the complainants are insufficient to justify the relief granted by the court below. Justice will be

better administered by vacating the order appointing the receiver, and remanding the cause, so that the parties defendant may make answer, stating all the facts connected with the alleged sale and purchase of the property by Mrs. Stubbs, who so far has made no answer to the petition. It is so ordered.

Reversed and remanded. All the Justices concur.