(85 South. 395)

### FAIRCLOTH v. FARMERS' GUANO CO. et al. (4 Div. 837.)

(Supreme Court of Alabama. April 8, 1920.)

**1. Corporations ⊕615—Bill held insufficient to charge that there were other creditors.**

A bill under Code 1907, § 3509, to dissolve a corporation and marshal its assets *held* not to allege sufficiently that there were other creditors than plaintiff, although it alleged the insolvency of the corporation.

**2. Equity ⊕153—Inferences not resorted to to support bill specifically challenged.**

Inferences must not be resorted to in order to sustain a bill which is specifically challenged on demurrer, as the bill in such circumstances must be construed more strongly against the pleader.

Appeal from Circuit Court, Henry County; H. A. Pearce, Judge.

Bill by J. R. Faircloth against the Farmers' Guano Company to dissolve the corporation and marshal its assets; also to enjoin the prosecution of garnishment writs issued by the Standard Chemical & Oil Company on judgments obtained against the Farmers' Guano Company. From a decree sustaining demurrers to the bill, complainant appeals. Affirmed.

A. E. Pace and Farmer, Merrill & Farmer, all of Dothan, for appellant.

A stockholder may maintain a bill like the present one. 187 Ala. 325, 65 South. 820. The assets are a trust fund for the benefit of the creditors. Section 3509, Code 1907. The bill was not subject to the demurrers. 200 Ala. 657, 77 South. 31; 176 Ala. 476, 58 South. 432; 181 Ala. 379, 61 South. 951; 182 Ala. 333, 62 South. 729; 195 Ala. 656, 71 South. 469.

R. W. Miller, of Abbeville, and John H. Wilkerson, of Troy, for appellees.

No brief came to the reporter.

ANDERSON, C. J. [1, 2] This case has been before this court upon former appeal (Standard Chemical & Oil Co. v. Faircloth, 200 Ala. 657, 77 South. 31), and the present bill was there discussed, and the cause was reversed and remanded upon the grounds set forth in the opinion. The bill was subsequently amended so as to conform to certain suggestions in the opinion; that is, as to the insolvency of the corporation not only when the bill was filed, but when the garnishments were sued out by the respondent, the Standard Chemical & Oil Company, and notice of said Standard Company as to the insolvency of the Farmers' Guano Company. The bill, however, nowhere avers that there were creditors of said insolvent corporation other than the Standard Chemical & Oil Company. From aught that appears, the corporation may have been insolvent, and yet the Standard Company may have been its only creditor; and, if such was the case, its garnishments gave it no preference as to other creditors, and there was no need for marshaling or administering the assets under section 3509 of the Code of 1907. This point was expressly pointed out by the demurrer to the bill as last amended, and which was properly sustained by the trial court. True, the bill charges the insolvency of the Farmers' Guano Company, but the insolvency may have been due solely to the indebtedness to the Standard Company. On the other hand, if the charge of insolvency implied creditors other than the Standard Company, this would be a mere matter of inference, and inferences must not be resorted to in order to sustain a bill which is specifically challenged upon demurrer, as the bill under such circumstances must be construed more strongly against the pleader. Norton v. Randolph, 176 Ala. 381, 58 South. 283, 40 L. R. A. (N. S.) 129, Ann. Cas. 1915A, 714; Randolph v. Vails, 180 Ala. 82, 60 South. 159. The decree of the circuit court is affirmed.

Affirmed.

McCLELLAN, SOMERVILLE, and THOMAS, JJ., concur.