(96 South. 698)

HENRY et al. v. IDE et al.   (7 Div. 365.)

(Supreme Court of Alabama.   May 3, 1923.)

1. Receivers ⟨key⟩14—General rules for appointment of stated.

Resort to the appointment of a receiver can be had only in extreme cases, or where it appears that without it plaintiff will sustain irreparable loss; nor should an appointment be made at any stage of the proceedings if any other remedy will afford adequate protection to the party applying.

2. Receivers ⟨key⟩5—Necessary showing for appointment in limine stated.

To justify the appointment of a receiver in limine, before decree on the merits, a reasonable probability must be shown that the complainant will succeed ultimately in obtaining general relief sought, and that without such appointment in limine there is imminent danger to the property, the subject of the suit.

3. Receivers ⟨key⟩5—Appointed for prevention of fraud and to save property and should not ordinarily be done before answer.

The principles governing exercise of the power to appoint a receiver are to prevent fraud, save the subject of litigation from material injury, or rescue it from threatened destruction; which should not be done until answer to a bill praying it has been made by defendant, unless the necessity be of a most stringent character.

4. Account ⟨key⟩17(3)—Rights and liabilities of parties ascertained on bill and answer without necessity of cross-bill.

An accounting presupposes ascertainment by the decree of the rights and liabilities of the respective parties, which may be ascertained on bill and answer without necessity of a cross-bill.

5. Corporations ⟨key⟩557(5)—Evidence held to justify appointment of a receiver on application on ground of fraud or maladministration.

Evidence on application of minority stockholders held to justify appointment of a receiver pendente lite on the ground of fraud or maladministration.

6. Corporations ⟨key⟩553(6)—Receivers appointed for solvent corporations to protect minority stockholders from fraud or maladministration.

The appointment of a receiver on application of minority stockholders is a power to be exercised with greatest caution, and only in the plainest cases; but in a proper case one will be appointed for a solvent corporation to protect the minority from fraud and maladministration that affect materially or destroy the value of their holdings.

7. Appeal and error ⟨key⟩955—Receivers ⟨key⟩8—Appointment rests in sound discretion of trial judge, not reviewable save for abuse.

The appointment of a receiver rests in the sound discretion of the trial judge, subject to review for an abuse thereof, which will not be reversed when there is evidence which, when fairly considered, supports his judgment.

⟨key⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Appeal from Circuit Court, Calhoun County; A. P. Agee, Judge.

Bill by H. C. Ide and others against C. B. Henry and others, and petition for appointment of receiver. From a decree appointing a receiver, defendants appeal. Affirmed.

See, also, 208 Ala. 165, 93 South. 860.

Knox, Acker, Sterne & Liles and J. F. Matthews, all of Anniston, for appellants.

The power to appoint a receiver, especially before a decree on the merits, should be exercised with extreme caution, and only under circumstances requiring summary relief, where the court is satisfied that there is imminent danger of loss. The appointment should not be made where there is another safe or expedient remedy, or when the court can find another and less stringent means of protecting the rights of the parties. Hayes v. Jasper Land Co., 147 Ala. 340, 41 South. 909; Ashurst v. Lehman, 86 Ala. 370, 5 South. 731; Bank of Florence v. U. S. Savings & Land Co., 104 Ala. 297, 16 South. 110; Thompson v. Tower Mfg. Co., 87 Ala. 733, 6 South. 928; Etowah Mining Co. v. Wills Valley Co., 106 Ala. 497, 17 South. 522; Roman v. Woolfolk, 98 Ala. 219, 13 South. 212; Ft. Payne Furnace Co. v. Ft. Payne Co., 96 Ala. 472, 11 South. 439, 38 Am. St. Rep. 109; Briarfield Iron Works Co. v. Foster, 54 Ala. 634; Ensley Development Co. v. Powell, 147 Ala. 300, 40 South. 137. A minority of stockholders will not be permitted to displace corporate authority and control, by substituting therefor the policy, management, and control of the courts, except in plain cases of such fraud or maladministration as works manifest oppression or wrong to them, and when the displacement of corporate control plainly appears to be necessary to prevent further mischief. Bridgeport Co. v. Tritsch, 110 Ala. 274, 20 South. 16; Roman v. Woolfolk, 98 Ala. 219, 13 South. 212. That the business of the corporation was not profitable is no reason why it should be taken from its stockholders and dissolved. Phinizy v. Anniston City Land Co., 195 Ala. 656, 71 South. 469; Miller v. Herzberg, 202 Ala. 613, 81 South. 555. The payment of salaries in abuse of the trust is not a ground for the appointment of a receiver. Ala. Coal & Coke Co. v. Shackelford, 137 Ala. 224, 34 South. 833, 97 Am. St. Rep. 23; Hayes v. Jasper Land Co., 147 Ala. 340, 41 South. 909.

Sydney J. Bowie and Borden Burr, both of Birmingham, for appellees.

The appointment of a receiver is a matter resting in the sound discretion of the court, and in determining its propriety the facts of the particular case are to be considered. Cameron v. Groveland Co., 20 Wash. 169, 54 Pac. 1128, 72 Am. St. Rep. 26; Ex parte Walker, 25 Ala. 81; The Anvil v. Savery, 116 Ga. 321, 42 S. E. 495; 8 Fletcher, Cyc. Corp. § 5234; 5 Thompson on Corp. § 6355. The appointment of receivers is necessary and upheld, although the respondent corporation and other corporations may be entirely solvent. Henry v. Ide, 208 Ala. 33, 93 South. 860; Morse v. Metropolitan Co., 87 N. J. Eq. 217, 100 Atl. 219; Adams v. Farmers' Nat. Bnk., 167 Ky. 506, 180 S. W. 807; Bates v. Werries, 198 Mo. App. 209, 199 S. W. 758; Cantwell v. Columbia Lead Co., 199 Mo. 1, 97 S. W. 167; Glover v. Gold Min. Co., 19 S. D. 559, 104 N. W. 261; Ponca Mill Co. v. Mikesell, 55 Neb. 98, 75 N. W. 46; Van Horn v. N. W. Shingle Co., 54 Wash. 117, 103 Pac. 42. If it clearly appears that application to the governing body would be futile, and it is impracticable to obtain action by the stockholders, effort in that line will not be required. Etowah Min. Co. v. Wills Valley Co., 106 Ala. 492, 17 South. 522.

THOMAS, J. The former appeal is reported as Henry et al. v. Ide et al., 208 Ala. 165, 93 South. 860.

The submission of complainants for decree was on the "motion for the appointment of a receiver pendente lite," and the decree of the lower court thereon, in the appointment of a receiver, is not subject to the objection that final disposition of the rights of the parties had been adjudged other than as provided by law. When we consider the prayer of the bill with the averments of the petition for receiver, the decree thereon "in accordance with the prayer of this petition," and the submission for decree on pleading and proof "as noted by the register," we are of opinion that the appointment of receiver was pendente lite. It will be so treated in reviewing the action of the lower court in rendition of the decree from which the appeal is taken.

The general principles or rules underlying the appointment of, or the denying of an application for, a receiver are stated by Judge Freeman in his notes to Cameron v. Groveland Improvement Company, 72 Am. St. Rep. 26, 33. He declared of the exercise of this power:

"The appointment of a receiver is not a matter of right. The court acts only upon a proper case being made out for the exercise of its jurisdiction, according to well-established principles. It is in that sense only that a receiver can be said to be ex debito justitiæ. The application for this appointment is addressed to the sound discretion of the court, and, while this proposition does not 'teach much,' it is gathered from the authorities that the discretion is not arbitrary or absolute, but is a sound and judicial discretion, taking into account all the circumstances of the case, exercised for the purpose of promoting the ends of justice and of protecting the rights of all the parties interested in the controversy and subject-matter, and based upon the fact that there is no other adequate remedy or means of accomplishing the desired objects of the judicial proceeding. Furthermore, this discretion is to be exercised with great caution and circumspection, and only in cases where there is fraud or spoliation, or

imminent danger of the loss of the property, if the immediate possession should not be taken by the court."

Among the many cases cited by this eminent authority is Ft. Payne, etc., Co. v. Ft. Payne Coal & Iron Co., 96 Ala. 472, 476, 478, 11 South. 439, 38 Am. St. Rep. 109. That bill was by creditors of a corporation for appointment of a receiver, and relief was denied on account of the generality of the allegations of fraud, which fact was stated by way of conclusion. However, the court said that the power existed in a proper case to appoint a receiver, observing:

"We do not announce what would be our ruling, if it were shown that the governing body and management were acting faithlessly, or were wasting or destroying the property of the corporation. The present bill fails to show such is the case."

[1, 2] In this jurisdiction the general rules declared for the appointment of a receiver are: '(1) That resort to that remedy can only be had in extreme cases; or (2) "where it appears that without it the plaintiff will sustain irreparable loss;" and (3) "a receiver should not be appointed at any stage of the proceedings if any other remedy will afford adequate protection to the party applying." From such rules came the corollaries that to justify the appointment of a receiver in limine, before the decree upon the merits of the bill, (a) "a reasonable probability" must be shown "that the complainant will succeed ultimately in obtaining the general relief sought," and (b) that without such appointment in limine there is "imminent danger to the property, the subject of the suit." Hayes v. Jasper Land Co., 147 Ala. 340, 41 South. 909.

In Birmingham Disinfectant Co. v. Smith, 174 Ala. 374, 56 South. 721, the bill was for accounting by the holders of a majority of the stock in defendant corporation, and for the appointment of a receiver. The appeal there was taken from the action of the lower court appointing the receiver without notice to the opposite parties in interest. It is there said, on the authority of Briarfield Iron Works v. Foster, 54 Ala. 622, that receivers should be appointed only "to prevent fraud, save the subject of litigation from material injury, or rescue it from threatened destruction," and that the mere allegation of a disagreement among directors or stockholders as to the management of the business, "in the absence of fraud, would ordinarily be no sufficient grounds to justify such appointment." Little Warrior Coal Co. v. Hooper, 105 Ala. 665, 17 South. 118. The rule stated in Hayes v. Jasper Land Co., supra, is quoted with approval in Wright v. Wright, 180 Ala. 343, 60 South. 931; and in Skidmore v. Stewart, 199 Ala. 566, 75 South. 1, the bill was for foreclosure of the mortgage and the prayer was for the appointment of a receiver. Held, that the appointment of a receiver in aid of

209 ALA.—24

a foreclosure suit is not a matter of course, since it must be clearly shown by allegation and proof "that the mortgage security is inadequate, and the mortgagor insolvent, or that there is fraud or other misconduct whereby the rights of the mortgagee are actually imperiled."

The case of Hayes v. Jasper Land Co., supra, was considered by the court on former appeal, and, after reviewing many authorities, it is declared:

"It is recognized by all the authorities that the appointment of a receiver upon application of the minority stockholders is a power exercised with the greatest caution. Several of the authorities illustrating that this power should be exercised only in the plainest cases are found cited in the recent case of Dixie Lumber Co. v. Hellams, 202 Ala. 488, 80 South. 872; but that such receiverships are necessary although the corporation is solvent, under some circumstances, is shown by numerous authorities, as well as standard textwriters."

See Henry v. Ide, 208 Ala. 33, 93 South. 860, 866.

It will be noted of the Hayes Case, supra, that the court was considering the exercise of the lower court's discretion in refusing a receivership, while here it is considering the exercise of discretion by the lower court in granting receivership pendente lite. See, also, 4 Thompson on Corporations (2d Ed.) § 4622; 1 Foster's Federal Practice (4th Ed.) pp. 468, 469; Smith on Receivership, p. 359; Brent v. Brister Sawmill Co., 103 Miss. 876, 60 South. 1018, 43 L. R. A. (N. S.) 720, Ann. Cas. 1915B, 576; High on Receivers (4th Ed.) § 295b.

In Howze v. Harrison, 165 Ala. 150, 156, 51 South. 614, 616, the court said:

"The chancery court will not, as a rule, appoint a receiver to take charge of a corporation and wind up its affairs except in case of insolvency. Edison v. Edison Phonograph Co., 52 N. J. Eq. 620, 29 Atl. 195. There seems to be an exception to the rule as to insolvency, when the corporation has no properly constituted governing board, or because there are such dissensions in its governing body as to make it impossible for the corporation to carry on its business with advantage to its stockholders; but this power must be exercised with great caution, and only for such time and such extent as may be necessary to preserve the property of the corporation and protect the rights and interests of the stockholders. Edison Case, supra; Jasper Co. v. Wallis, 123 Ala. 656, 26 South. 569."

It is not necessary to again review the several authorities cited by the respective counsel. They were before this court and some of them were discussed on former appeal. However, it should be said that Ashurst v. Lehman, Durr & Co., 86 Ala. 370, 371, 5 South. 731, was a bill for the foreclosure of a mortgage, and the appointment of a receiver was asked without notice; and the right of such receivership is recognized where it appears that the estate "is in danger of loss, from

waste, misconduct, or insolvency, if the defendant is permitted to retain the possession," and there is "a reasonable probability of success on the part of the complainant."

In Thompson v. Tower Mfg. Co., 87 Ala. 733, 6 South. 928, the appointment of a receiver without notice was being considered, under a creditor's bill to set aside a fraudulent conveyance, and it was declared:

"It should be a strong case of emergency and peril, well fortified by affidavits, to authorize the appointment of a receiver without notice to the other party."

In Roman v. Woolfolk, 98 Ala. 219, 237, 13 South. 212, the bill in equity was by minority stockholders against the corporation and its officers to protect the interests of the minority stockholders, and it was there announced that the policy of the law is "to leave the affairs of corporate bodies to the management and control of their own chosen agencies, and that a minority of stockholders will not be permitted to displace corporate authority and control, by substituting therefor the policy, management and control of the courts, except in *plain cases of such fraud or maladministration as works manifest oppression or wrong to them;* and that, before calling upon the court to take into its hands the administration of the corporate affairs, it must be made clearly to appear, not only that such oppression or wrong to them depends, but that every reasonable effort has been made to secure redress and prevention of further mischief within the company itself." (Italics supplied).

In Bank of Florence v. U. S. Savings & Loan Co., 104 Ala. 297, 302, 16 South. 110, 111, the consideration was of the appointment of a receiver without notice "upon the bill alone, without affidavits or other evidence." The court said:

"* * * A receiver may be appointed without notice to the defendant who is to be dispossessed of his property or assets, but the cases in which notice may be dispensed with, are exceptional. There must be shown a strong case of pressing emergency, rendering immediate interference necessary before there is time to give notice; or it must be shown that notice would jeopardize the delivery of the property over which the receivership is to be extended. Moritz v. Miller, 87 Ala. 331; Dollins v. Lindsey, 89 Ala. 217."

In the case of Etowah Mining Co. v. Wills Valley Mining & Mfg. Co., 106 Ala. 492, 17 South. 522, the creditors of the corporation sought, by the appointment of a receiver, to take the property out of the hands of a trustee, and under which deed of trust complainants claimed to be beneficiaries, and asked for a continuance of the business of the corporation for the payment of debts. It was held that the trustee was invested with every power that could have been conferred upon a receiver, and that no necessity existed for the latter appointment; that there was

ample remedy, in the event the trustee was dishonest or incompetent, by his removal and the appointment of a successor in trust. The observation is further made that the bill does not ask for the appointment of a receiver to preserve the property pendente lite, but its evident purpose was to operate for the renewed term of five years and to pay the increased royalty of debts in question. Ensley Development Co. v. Powell, 147 Ala. 300, 40 South. 137.

[3] In Briarfield Iron Works v. Foster, 54 Ala. 622, 634, the appeal was from an order to appoint a receiver, where it was alleged that the beneficiaries in the mortgage intended to purchase at a sale (under the mortgage sought to be avoided by the bill), and intended to remove the fixtures and machinery which had been placed upon the property at a large cost, and such removal "would greatly reduce the value of the equity of redemption." The general purposes and principles governing the exercise of the power of the appointment of a receiver are said to be "to prevent fraud, save the subject of litigation from material injury, or rescue it from threatened destruction"; that this should not be done until "answer to a bill praying it has been made by defendant, 'unless the necessity be of a most stringent character' "; and "of course, also, it ought further to appear from the case made that the plaintiff is quite clearly entitled to the interest he claims in the property for which a receiver is asked," or that the facts alleged and the affidavits offered in support thereof ought to tend strongly to establish the right of receivership.

In the case of Bridgeport Development Co. v. Tritsch, 110 Ala. 274, 286, 293, 20 South. 16, 23 (without predicating the decision on the question of insolvency vel non), the court granted a rehearing and affirmed the judgment of the lower court appointing a receiver, and quoted approvingly from Roman v. Woolfolk, 98 Ala. 219, 237, 13 South. 212, as we have indicated above. The opinion, on rehearing, is concluded with the statement:

"Indeed, their attitude in this case is one of positive antagonism to any redress against the demands of the Park Bank. Constituting a majority of the board, as it now appears, and, of course, having the power to control its action, it would be idle for a stockholder to seek relief through them; and so involved as they are in interests adverse to the development company, and such their past management of its affairs, we are now of opinion that the court below properly assumed control of its assets."

And in the case of Ensley Development Co. v. Powell, 147 Ala. 300, 311, 40 South. 137, bill for injunction and receiver, it was declared that a receiver should not be appointed in ex parte proceedings upon the application of stockholders to dissolve the corporation, until after personal notice to resident and published notice to nonresident

stockholders, and not then without proof, as required, "unless in case of great emergency otherwise allowed by law." The receivership was terminated because there were "no allegations of facts showing any special emergency, and proof of such."

The former opinion rendered by Mr. Justice Gardner in the instant case, on appeal from a ruling on demurrer, is not in conflict with the foregoing authorities, which were considered on former appeal. All of them recognized that insolvency of a corporation is not the sole test for granting a receivership; that fraud and mismanagement in many cases will authorize or compel a court of equity, on due application therefor, to take the corporation out of the hands of a guilty directorate, if necessary to protect the properties or the rights of the minority stockholders. As stated in these decisions, a receiver should not be appointed at any stage of the proceedings if any other remedy will afford adequate protection to the party applying therefor. Hayes v. Jasper Land Co., supra. It is, then, a pertinent inquiry: Had the minority stockholders (the complainants) adequate and complete remedy other than by the appointment of the receiver pendente lite, as was done by the lower court after notice, a hearing of the application for the receiver on pleadings and proof, and a submission on the application for appointment of a receiver?

[4, 5] Under the proof, complainants are entitled to an accounting covering a long period, involving large sums of money, for grievous irregularities, mismanagement, and fraud of Greenleaf and Henry as concerned the rights of the minority stockholders. An accounting presupposes ascertainment by the decree of the rights and liabilities of the respective parties, which may be ascertained on bill and answer without the necessity of a cross-bill. Julian v. Woolbert, 202 Ala. 530, 81 South. 32; Grand Bay Land Co. v. Simpson, 205 Ala. 347, 87 South. 186. A just accounting in the case made by the bill and affidavit is dependent upon the books, papers, and other information in the exclusive possession of appellants, and some of which have been withheld by Greenleaf from an accountant. This possession, under the evidence for the complainants, has been used by appellants for the purpose of hindering the minority stockholders in their investigation. If the papers or books of the corporation have not been used for the purpose of suppressing and withholding evidence, Greenleaf has not aided in the investigation of the accounts of the corporation, and that of Henry and Greenleaf therewith, that was sought to be made on the part of the minority stockholders. Without these difficulties being removed by taking possession of the affairs of the corporation, including its papers, books, and other sources of information, by a receiver pendente lite, the result of an ac-

counting would be fruitless, or well-nigh impossible.

It is undisputed that large items of contract, such as the purchase of cotton, have been conducted by the corporation through its managing agents. The facts shown amount to purchasing of or from such agent by the agent acting for the corporation and in an individual capacity. The books show what Greenleaf received from the corporation, but not, as they should, what Greenleaf paid for the cotton, and for what he resold it to the corporation, except in the instance of the W. L. Jones transaction, where it was shown that he had a benefit or beneficial interest in the transaction or in some of the cotton so purchased. An investigation will be necessary to be made as to items of interest, salaries, and the true status of the investments of the corporation in the Calhoun Land & Iron Company, the Hillcrest Farm, and credits to Henry in that behalf, and other entries not fully and satisfactorily explained, in the affidavits of respondents. We are of the opinion that such an accounting without a receivership will be inadequate, and that, if the present management and financial policies of the corporation still obtain, complainants' remedy will otherwise be incomplete, and that receivership is necessary to prevent the funds of the corporation from being fraudulently dissipated or commingled with the individual transactions by said agents and respondents here.

The evidence is sufficient to convince us of Greenleaf's financial irresponsibility as against large demands which may be adjudged against him on final accounting. His assessment for taxation, within the county or state, is only a small sum, as compared with the amounts involved in his transactions with the corporation and in his individual capacity, and his holdings with the corporation are not sufficient to guarantee his response to such a personal decree as may be rendered against him.

Would, then, a decree against Mr. Henry be adequate, assuming that he is jointly liable with Greenleaf for the fraudulent conduct of mismanagement of the affairs of the corporation in representative capacity, and the fraudulent commingling and dissipation of its funds in the individual transactions, and the fraudulent conduct or maladministration of those in authority to obtain, at a nominal sum, the stock of the minority? His estate is that of a nonresident. Aside from such property as he owns in Alabama, suits in distant states may be necessary to realize on a money judgment against him. Greenleaf is shown to be the active agent in the direction of the affairs of the corporation, under the influence and direction of Mr. Henry or those interested in that behalf; and, if a receiver is not appointed pending the litigation, he, or some other partial agent,

in the light of the evidence, will continue so to act for the personal interests of Mr. Henry. It is not sufficient that there is joint liability between Greenleaf and Henry; and, if there is a decree of accounting, minority interests are not protected in this case by the lien of the corporation against the shares of the stockholder. Mobile Towing & Wrecking Co. v. Hartwell, 208 Ala. 420, 95 South. 191. If the Henry and Greenleaf control is continued in the management of the corporation, according to the evidence before us, the probabilities are that this stock may not be available for their separate or joint liability for past transactions that appear to have been conducted pursuant to the individual interests of said parties, and without due regard to that of the minority stockholders.

The averments of the bill are of facts of mismanagement and deceit that amount to fraud when taken and considered as the policy of the Greenleaf and Henry management, and are specific; and the proof supports the same when the whole conduct of that management is taken and considered together. It is evidenced by the fact that, after Henry and Greenleaf had the active management of the corporation and its properties, the board of directors was reduced from nine to three, consisting of Chas. B. and Geo. E. Henry and W. I. Greenleaf, and later Mr. H. V. Weaver (the bookkeeper of the mills) succeeded Geo. E. Henry as director (and since the filing of the original bill it is shown by affidavits that the directorate is further changed to W. I. Greenleaf, vice president, H. V. Weaver, bookkeeper, and G. P. Few, superintendent of the mill); that such management was under the influence of Mr. Chas. B. Henry, and that it would be futile for the minority stockholders to apply to the corporation, or its managing and directing authorities, for relief. They are excused from making other or further effort to that source for relief; and, in resorting to the courts for an accounting and a full ascertainment of the affairs of the corporation as affects a fraudulent disposition and diversion of its properties from the corporate purposes and its mismanagement, the minority stockholders were taking a proper course.

There are averments and proof of large reduction of the amount of the stock, of the contemplated issue of a large amount of bonds of the corporation; the holding of its large assets in the shape of manufactured products (about $1,107,000 of yarns), which, if sold on usual markets would have supplied sufficient funds to discharge most, if not all, of the corporate indebtedness, and it would have not been necessary, to the extent of the value of such yarns, to have borrowed other funds for corporate purposes or to have issued bonds in the amounts contemplated by that directorate; the purchase on credit of large lots of cotton and raw material, the borrowing of large sums of money, and payment of high interest thereon to Henry; the disbursements of large sums to the officers of the corporation, Greenleaf and Henry (the latter holding a large part of the stock), in the form of salaries, without the same being theretofore fixed by authorized action of the board of directors; the credit of sums to the individual accounts of Henry and Greenleaf, and sums in the nature of interest on preferred stock in advance of its issue; the failure to pay dividends when other going corporations similarly situated in that locality of this state, and in other states, were earning and declaring dividends; the effort on the part of some of those having information and control of the affairs of the corporation in its active direction to purchase the stock of the minority shareholders at nominal sums, or at sums greatly less than its true value, and yet their refusal to sell their stock at 75 cents on the dollar; the failure to hold some of the stockholders' meetings at the time indicated, or the adjournment thereof to such dates as would make it impossible, or a great inconvenience, for those representing the minority to be present, or to remain over for such adjourned meetings; the frequent and prolonged absences of said officers, Henry and Greenleaf, from the active direction and conduct of the affairs of the corporation when their immediate presence and supervision thereof were required. All of these things not only show hostility between the interests of the majority and the minority stockholders, but, when taken together, show a unity of action on the part of the majority such as amounts to a fraud on the minority as affecting the value of their holdings in the corporation and the right of a reasonable return thereon to the reasonable value of their stock (Randle v. Winona Coal Co., 206 Ala. 254, 89 South. 790, 19 A. L. R. 118), and also support the averments of fraud and mismanagement of the corporation, its properties and affairs. And the further fact of extending credit to corporations and business enterprises, outside of the general scope of the operations of the corporation, tends, also, to show that the interests of all stockholders were not honestly treated alike, or given like consideration in the discharge of the trust reposed in such directing management, or the alter ego of the corporation. So, also, the entry on the books of the corporation of an item of commission of $1,000 to be paid to an agent on the sale of "200 K. W. Turbo to U. S. Navy," without accounting for or showing credit to the corporation of the proceeds of such sale, the issue from February 16, 1920, to June 1, 1920 inclusive, to W. I. Greenleaf, by the corporation, of amounts totaling $230,-037.92, without the books of the corporation satisfactorily showing how this sum was expended for the corporation, or why the account was so handled by its agent, in addi-

tion to the foregoing, confirm the view that the action of the trial court in taking the management of the corporation into that of an agent of the court was justified on the grounds of "fraud or maladministration."

The insistence was made, on former appeal, and it is now urged, that a receiver should not be appointed, since the insolvency of Greenleaf, Henry, and the corporation is not averred or proven, and, for that reason, an adequate remedy remains to the complainants for the recovery of amounts to which they may be entitled. The cases of Hayes v. Jasper Land Co. supra, Bridgeport Development Co. v. Tritsch, supra, and Etowah Mining Co. v. Wills Valley Mining & Mfg. Co., supra, were considered on former appeal, and the holding was that these authorities did not prevent such receivership (notwithstanding the failure to aver the insolvency of the corporation, or of the respondents) under the facts alleged, and a receivership may properly be granted. After quoting from Bridgeport Development Co. v. Tritsch, supra, in which Roman v. Woolfolk, supra, and Etowah Mining Co. v. Wills Valley Mining & Mfg. Co., supra, are cited, it is said:

"Nor is this contention in keeping with the weight of authority, or supported by sound reasoning. The question of solvency, when discussed in this connection, relates, after all, only to the matter of the adequacy of the remedy at law. As to the respondent Greenleaf and Henry, however, Greenleaf is alleged to be insolvent, and he and Henry are nonresidents of the state. The nonresidence of Henry, though solvent, renders any remedy against him inadequate, and thus the contention resolves itself into the proposition that, the corporation being solvent, in no event should a receiver be appointed."

So, also, did this court consider on that appeal, under the second ground of demurrer relating to the feature of the bill seeking appointment of a receiver, that it was based upon the theory that insolvency of these respondents and the corporation was necessary to be averred to justify the appointment of a receiver in any case. Likewise the court had before it on former appeal (in addition to the foregoing authorities last indicated) the cases of Birmingham Disinfectant Co. v. Smith, 174 Ala. 374, 56 South. 721; Wright v. Wright, 180 Ala. 343, 60 South. 931, and Alabama Coal & Coke Co. v. Shackelford, 137 Ala. 224, 34 South. 833, 97 Am. St. Rep. 23. We have no desire to depart from that decision or qualify the wholesome principle there announced.

[6] It may then be said to be settled by this and other authorities that, though the appointment of a receiver upon application by the minority stockholders is a power to be exercised with the greatest caution, and only in the plainest cases (Dixie Lumber Co. v. Hellams, 202 Ala. 488, 80 South. 872), yet such receiverships may be necessary under some circumstances, although the corporation is solvent; and, in a proper case, the appointment will be made to protect the interest of the minority stockholder from fraud and maladministration that affect materially or destroy the value of the minority holdings.

One cannot read this record without being impressed with the fact that there were maladministration and fraudulent purposes on the part of holders of the majority of shares in the corporation, and by those who constituted its directorate, to depress the stock and acquire that of the minority shareholders at a sum greatly less than its intrinsic value, and by withholding from them the true status of the corporation and the value of its stock. And, after a careful consideration of the pleading and proof, we agree with the announcement made on former appeal that this is a case for the appointment of a receiver in limine, although the corporation be not insolvent, and some of the nonresident directors and officers in control of the management of the corporation are not insolvent. Having no desire to depart from the announcement of the law on the facts averred in pleading on former appeal, we are of opinion that the evidence submitted supports and sustains the action of the trial court in the appointment of a receiver pendente lite.

It will not be necessary to discuss the evidence in detail, or to say anything that will embarrass a just and true accounting as to each contested item of account, or any act of management that is challenged. Such matters will more properly arise on accounting and final decree.

[7] The appointment of a receiver rests in the sound discretion of the trial judge, subject to review for an abuse of that discretion. It is said that the exercise of this discretion will not be reversed, except in a clear case of abuse, nor when there is evidence which, when fairly considered, supports the judgment of the trial court. Ex parte Walker, 25 Ala. 81; Ex parte Stickney, 40 Ala. 160, 169; Bard v. Bingham, 54 Ala. 463, 466; Micou v. Moses Bros., 72 Ala. 439, 441; Briarfield Iron Works v. Foster, 54 Ala. 622; Ashurst v. Lehman, Durr & Co., 86 Ala. 370, 5 South. 731; Ex parte Morgan Smith, 23 Ala. 94; Roberts v. Washington National Bank, 9 Wash. 12, 37 Pac. 26; Cameron v. Groveland Improvement Co., 20 Wash. 169, 54 Pac. 1128, 72 Am. St. Rep. 26, 8 Fletcher, Cyc. on Corporations, par. 5234; 5 Thompson on Corporations, par. 6355. Without prolonging the discussion, we are of opinion that no reversible error was committed in appointing the receiver pendente lite.

The judgment of the circuit court in equity is affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and SOMERVILLE, JJ., concur.