147 So. 145

## PEOPLE'S AUTO CO. v. MANUFACTURERS' FINANCE ACCEPTANCE CORPORATION.

### 3 Div. 30.

Supreme Court of Alabama.
March 23, 1933.

Rushton, Crenshaw & Rushton, of Montgomery, for appellant.

John P. Kohn, Jr., Francis M. Kohn, and Ball & Ball, all of Montgomery, for appellee.

FOSTER, Justice.

Upon bill filed by appellee, the court appointed a receiver for a domestic corporation, appellant, without notice to it, and without a hearing at which it was represented. The appeal is from that decree.

The bill makes no allegation of insolvency as a fact of the corporation. It only alleges in that connection that the president of the company has admitted its insolvency, at some indefinite time, not stated. Its solvency may have been re-established since then and be perfectly solvent now, so far as the bill shows. Such a bill should not be content merely to allege the existence of a piece of evidence which may tend to show an essential fact. It should be alleged so as not to leave any uncertainty or doubt as to the fact. Petchey v. Allendale Land Co., 216 Ala. 167, 112 So. 818.

It does allege that W. Cleve Stokes is its president, and has dominion and control of its assets consisting chiefly of notes and bills receivable, and is rapidly collecting them, and is not paying the amounts so collected on the debt due complainant. But it does not allege that he is not applying such collections to the payment of other debts; nor that he himself is converting them to his own use or any improper use, or that he is insolvent; but shows that he evidently disputes the claim of complainant which is in litigation.

■ If the bill had alleged that the president was misapplying the funds, it should allege his insolvency or some other inadequacy of remedy against him. Birmingham Disinfectant Co. v. Smith, 174 Ala. 374, 56 So. 721; Hayes v. Jasper Land Co., 147 Ala. 340, 41 So. 909.

■ Without the aid of section 7062, Code, the chancery court would not in Alabama at the instance of a simple contract creditor, without a lien, appoint a receiver for a corporation, even though it be insolvent, and has ceased to be a going concern, in the absence of some other principle of equity jurisdiction. Smith-Dimmick Lumber Co. v. Teague, Barnett & Co., 119 Ala. 385, 24 So. 4; Barrett v. Pollak Co., 108 Ala. 390, 18 So. 615, 54 Am. St. Rep. 172; O'Bear Jewelry Co. v. Volfer,

106 Ala. 205, 17 So. 525, 28 L. R. A. 707; 54 Am. St. Rep. 31.

Prior to that statute Alabama had repudiated the trust fund theory of the assets of insolvent corporations. Barrett v. Pollak Co., supra; O'Bear Jewelry Co. v. Volfer, supra; City Bank & Trust Co. v. Leonard, 168 Ala. 404, 53 So. 71.

But by the adoption of section 7062, Code, such theory was revived and made applicable to insolvent corporations which had ceased to be a going concern. City Bank & Trust Co. v. Leonard, supra.

And by its authority a simple contract creditor of such an insolvent corporation may have a receiver appointed without other equitable grounds for relief. Warren v. Kilgore, 176 Ala. 476, 58 So. 432; Jaggers v. Howell, 206 Ala. 337, 89 So. 604; Sugar Factories C. Co. v. Fies, 213 Ala. 556, 105 So. 590; Leyden v. Calhoun C. Creamery Co., 223 Ala. 289, 135 So. 317.

But the bill should allege the existence of other creditors than complainant, if no other ground than insolvency is shown, because, unless so, there is no occasion for a marshaling of assets under section 7062, Code. Faircloth v. Farmers' Guano Co., 204 Ala. 148, 85 So. 395.

The allegations of the bill are not sufficient to invoke the power of the court upon the basis of the doctrine of those cases, but it must rest upon some other equitable right to have a receiver appointed. In the absence of allegations that the corporation is insolvent and not a going concern, or that its officers are insolvent and are fraudulently disposing of its assets without applying them on its debts, which, if continued, will lead to insolvency and liquidation and the loss of the debt to complainant, or that it is necessary to rescue such assets from some other threatened destruction and irreparable loss thereby to complainant, no ground is shown for the appointment of a receiver by a simple contract creditor without a lien. 14-a Corpus Juris 956, 957; Briarfield Iron Works Co. v. Foster, 54 Ala. 622, 634; Lost Creek Coal & M. L. Co. v. Scheuer, 222 Ala. 400, 132 So. 615; Howze v. Harrison, 165 Ala. 150, 51 So. 614; Birmingham Co. v. Smith, 174 Ala. 374, 56 So. 721; Hayes v. Jasper Land Co., supra; Bank of Florence v. U. S. S. & L. Co., 104 Ala. 297, 16 So. 110.

The bill does not contain such averments with sufficient certainty, and, in our opinion, it did not justify the appointment of a receiver.

The decree is reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.